# EXHIBIT A

Gregg L. Weiner
Stephen S. Rabinowitz
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York  10004-1980
(212) 859-8000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

KERYX BIOPHARMACEUTICALS, INC.                    :

                                        Plaintiff,        :        07 Civ. 10376 (CSH)

            - against -                              :        **DECLARATION OF**
                                                             **MICHAEL S. WEISS**

PANION & BF BIOTECH, INC.,                           :

                                        Defendant.      :

------------------------------------------------------------------ x

    1.      I am the Chairman and CEO of Keryx Biopharmaceuticals, Inc.

("Keryx"), a position I have held since December, 2002.  I make this declaration in

support of Keryx's application for expedited discovery and related relief in

connection with Keryx's motion for a preliminary injunction and expedited

adjudication of its claims in this action .  I have knowledge of the matters stated in

this declaration, based on my personal participation in and recollection of the events

described below, my review of the relevant correspondence and consultation with

responsible Keryx personnel.

    2.      Keryx is a publicly traded pharmaceutical company whose business

includes the development and commercialization of medically important

pharmaceutical products for the treatment of serious conditions, including diabetes,

cancer, and renal (kidney) disease.

3.      Under an exclusive patent license (the "License Agreement") from

Panion & BF Biotech, Inc. ("Panion"), dated November 7, 2005, Keryx is developing

a chemical compound, ferric citrate, as a pharmaceutical for treatment of

hyperphosphatemia or phosphate retention, which is a common and serious

complication of advanced renal disease.  Under the License Agreement, Keryx's

exclusive rights to develop and commercialize ferric citrate extend throughout most

of the world, including the United States, Japan, and Canada, and include the right to

grant sublicenses to third parties.

4.      The License Agreement is an important corporate asset of Keryx, and

Keryx has devoted substantial corporate resources and incurred substantial expenses

in performing two categories of development work for ferric citrate.  The first

category includes work undertaken to generate information that is needed for

successful commercialization of ferric citrate as a pharmaceutical, including (i)

process improvements to find more cost-effective ways of manufacturing

pharmaceutically-pure ferric citrate; (ii) developing the specifications and quality

control tests for the Chemistry, Manufacturing and Controls ("CMC") submission

that is required by the federal Food and Drug Administration (FDA); and (iii)

improvements to the dosage form of the product to make it more acceptable to

patients.  These information-generating development activities do not result in Keryx

being supplied with ferric citrate.  BRI Pharmaceutical Research, Inc. ("BRI"),

located in Vancouver, Canada, BioVectra DCL ("BioVectra"), located in Prince

Edward Island, Canada, and the PharmPro Services division of Fluid Air, Inc.

("PharmPro"), located in Aurora, IL, as contractors, are assisting Keryx with these development activities.

5.    Section 3.1 of the License Agreement expressly authorizes Keryx to use Panion-owned technology ("Licensor Know-How") to "develop, have developed, make [and] have made" the licensed product. Attached as Exhibit 1 is a copy of the License Agreement. To the best of my knowledge, Panion has not accused Keryx of breaching the License Agreement by performing this first category of information-generating work.

6.    The second category concerns work that involves <u>providing a supply</u> of ferric citrate to Keryx, for use in (i) toxicology testing in animals, and (ii) clinical trials in humans to prove safety and efficacy. Section 7.7(b) of the License Agreement provides that during an Exclusive Supply Period (which has not yet expired), and subject to certain conditions, Keryx and its sublicensees shall obtain their supply of the Clinical Supplies of the Compound exclusively from Panion, subject to certain price competition provisions.

7.    On September 18, 2007, Keryx advised Panion that it was about to grant an exclusive sublicense for Japan (the "Japanese Sublicense") to Japan Tobacco, Inc. and Torii Pharmaceutical Co. Ltd. (collectively, "Japan Tobacco") and requested Panion to sign a consent form for the comfort and assurance of the sublicensees (even though Panion's consent was not contractually required). Panion declined to sign the consent form, and the Japanese Sublicense was nevertheless executed, with effect from September 26, 2007, for an upfront licensing fee of $12

million plus future milestone payments and royalties, collectively estimated to be worth $100 million.

8.     On September 22, 2007, after learning about the Japanese Sublicense, Panion for the first time accused Keryx of having breached the License Agreement by ordering certain supplies of ferric citrate from BioVectra in 2006.[1]  On October 31, 2007, Panion's counsel, Albert Wai-Kit Chan, emailed to Keryx a notice contending that Keryx's orders in 2006 constituted "a material breach" of the License Agreement that "has not been cured for more than ninety days" and threatening to "take appropriate actions to nullify th[e] agreement."  (A copy of the October 31, 2007 email is attached as Exhibit 2).  Section 12.3 of the License Agreement permits termination for cause only if Keryx fails to cure a material breach within ninety days after Panion has given written notice of default.   Panion has not retracted its false claim that the ninety-day cure period has expired or its threat to terminate the License Agreement.

9.     On or about November 7, 8 and 9, 2007, Panion's counsel contacted Keryx's contractors, BRI, BioVectra and PharmPro, demanding that they cease the work they are performing for Keryx, on the grounds that they are using Panion-owned technology, and threatening to commence proceedings against them unless they agreed to do so.  See letters from Jack Chung, Esq. to BRI (attached as Exhibit 3); letters from Jack Chung, Esq. to BioVectra (attached as Exhibit 4); letter from Jack Chung, Esq. to PharmPro, referring to earlier "demand letter" dated November

---

[1]     Keryx denies that it has breached the License Agreement and at the appropriate time will show that Panion knew about and acquiesced in the acts that Panion now denominates as a breach.

9, 2007 (attached as Exhibit 5). That work includes the information-gathering development work that Keryx is authorized under the License Agreement to do or have done, even if that were to require using Panion's "Licensor Know-How."

10.     On November 12, 2007, counsel for Keryx wrote to Panion's counsel, explaining that Keryx believed it had not breached the License Agreement, giving an assurance that during the Exclusive Supply Period Keryx would submit future orders for clinical supplies of ferric citrate to Panion in accordance with Section 7.7(b) of the License Agreement, and asking Panion to confirm that this sufficed to cure the alleged breach or else to state what else was needed to cure. Keryx also asked Panion to cease and desist from threatening Keryx's contractors.

11.     Panion did not reply to the November 12, 2007 letter, but instead repeated and escalated its threats and demands to BRI, BioVectra and PharmPro, (see Exhibits 3-5) and on November 15, 2007 filed a Summons with Notice in New York Supreme Court, Queens County, purporting to assert claims against BRI and seeking to enjoin BRI from continuing its contract work for Keryx.

12.     Moreover, Panion is refusing to consult in good faith with Keryx and its sublicensee concerning the prosecution in Japan of the patent rights that Panion licensed to Keryx and that Keryx has in turn sublicensed to Japan Tobacco. Section 8.1.1 of the License Agreement provides that Panion shall "use reasonable efforts to prosecute the patent applications" that are included in the license and shall "regularly consult with Licensee and shall keep Licensee advised of the status of all patents and patent applications relating to the Patent Rights . . . " (See License Agreement, Exhibit 1 hereto). Japan Tobacco's patent counsel was initially permitted to meet

with Panion's Japanese patent counsel to discuss how to respond to a Notice of Office Action issued by the Japanese Patent Office, to which a response will be due on November 28, 2007 unless that deadline is extended. Panion has now instructed its Japanese patent counsel not to communicate with Japan Tobacco's counsel. (See Exhibit 2, email from A. Chan, Esq., dated October 31, 2007, stating that "Panion has instructed the Japanese associate not to communicate with any third party but Panion.") In addition, having agreed on October 24, 2007 to request a three-month extension of the deadline for responding to the Notice of Office Action, which Japanese counsel believes is important to procuring a patent in Japan, Panion switched course and informed Keryx that it would not seek the extension "based on the unresolved issues between Keryx and Panion." (See emails from A. Chan, Esq. dated October 24 and October 25, 2007, attached as Exhibit 6).

13.    Keryx will suffer severe and irreparable harm unless it can promptly present to the Court its motion for preliminary relief and unless the Court grants accelerated discovery and an accelerated schedule for resolving this controversy.

14.    A premature notice terminating the License Agreement -- and purporting to cut off Keryx's opportunity to cure any alleged breach -- would cast a cloud over the Japanese Sublicense, causing severe and irreparable reputational injury to Keryx in the eyes not only of Japan Tobacco, but also of the wider Japanese pharmaceutical community. Further, a purported termination would gravely impair the ability of Japan Tobacco to commit the substantial sums necessary to perform the development work needed to obtain regulatory approval for ferric citrate in Japan. This would inevitably delay, and might entirely prevent, approval in Japan.

15.     Panion's threats and actions against BRI, BioVectra and PharmPro will likewise cause Keryx severe and irreparable reputational injury and hinder the information-gathering activities being performed under contract to Keryx, thereby delaying Keryx's developmental program.

16.     Delay in drug development will cause Keryx harm that is severe, irreparable, and cannot be adequately compensated by money damages. Delayed approval and launch will shorten the period during which Keryx can sell its product under protection of its exclusive patent license, before it becomes exposed to generic competition. In addition, delay in launching the drug will cause Keryx to lose ground in the race to market against competing therapies that are being developed. Once lost, that lead time can never be recovered.

17.     Finally, successful prosecution of the Japanese patent application is critical to commercial development under the Japanese Sublicense. Keryx urgently needs to present its motion for preliminary relief requiring Panion to cooperate with Keryx and its sublicensee in prosecuting that application, and to seek the three-month extension to which it previously agreed.

18.     In an attempt to avoid the need for immediate relief from the Court, I sent an email yesterday to Panion's chairman proposing that the parties enter into a stipulation whereby (i) the time to cure any alleged breach would be extended until 20 business days after the Court had finally ruled whether a material breach in fact occurred, (ii) Keryx would give certain undertakings concerning sourcing of Clinical Supplies; (iii) Panion would not interfere with work performed by Keryx's contractors and would dismiss the action it filed against BRI, and (iv) Panion would

7

request an extension of the time for responding to the Japanese Patent Office. As of 10:00 a.m today, Panion has not indicated that it has any interest in entering into or discussing a stipulation.

I, MICHAEL S. WEISS, hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 19, 2007

Michael S. Weiss

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
KERYX BIOPHARMACEUTICALS, INC.                    :

                                    Plaintiff,    :         07 Civ. 10376 (CSH)

            - against -                           :         **DECLARATION OF**
                                                            **MICHAEL S. WEISS**
PANION & BF BIOTECH, INC.,                        :

                                    Defendant.    :
-----------------------------------------------------------------------x


        Exhibit 1 to the Declaration of Michael S. Weiss is filed under seal with the Office of
the Court Clerk.

# EXHIBIT 2

**From:** chank [chank@kitchanlaw.com]
**Sent:** Wednesday, October 31, 2007 10:52 AM
**To:** blevine@keryx.com
**Cc:** lgenovesi@keryx.com; chank; Cindy Chiang (PBF)
**Subject:** Dkt #1100-A

Dear Beth,

Further to your October 26, 2007 e-mail, please note the following:

**Dr. Hsu and Ms. Marlene Hsu**
Panion was unaware of Marlene Hsu or Dr. Chen Hsing Hsu's activities. Panion will investigate this matter.

**Extension of Time**
Regarding the extension of time for responding to the pending Japanese office action (Dkt #1092-PCT-JP), the Panion-Keryx office procedure clearly indicates that any extension of time should be avoided. A response to the Office Action is due November 28, 2007. Extensions are a judgment call. Panion has been and will be diligently pursing Panion's patents in Japan. This activity should not be interfered with nor threatened by any party . Panion has instructed the Japanese associate not to communicate with any third party but Panion.

**Material Breach**
The violation of the API clause is a material breach of the licensing agreement between Keryx and Panion. This material breach has not been cured for more than ninety days. See section 12.3 of the Licensing Agreement. API made by inappropriate specification may lead to clinical results which will ruin the Panion's valuable invention.

Unless we hear from Keryx immediately, we will take appropriate actions to nullify this agreement.

We look forward to hearing from you.

Please acknowledge receipt of this e-mail.

Sincerely,

Albert Wai-Kit Chan, Ph.D. /ah
Law Offices of Albert Wai-Kit Chan, PLLC
World Plaza, Suite 604
141-07 20th Avenue
Whitestone, NY 11357
Tel: (718) 799-1000
Fax: (718) 357-8615
E-mail: chank@kitchanlaw.com

The information transmitted herein is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review,

retransmission, dissemination or other use of, or taking any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer. Thank you for your cooperation.

# EXHIBIT 3

LAW OFFICES OF
## JACK W. CHUNG P.C.
401 BROADWAY, SUITE 2009
NEW YORK, NY 10013
U.S.A.

212-334-7118
FAX 212-334-6408
JACKCHUNGLAW@GMAIL.COM

<u>VIA E-MAIL (dkwok@bripharm.com)</u>
David Kwok, Ph.D.
President & CEO
BRI Biopharmaceutical Research Inc.
101 – 8898 Heather Street
Vancouver, BC
Canada V6P 3S8

November 7, 2007

Re: <u>Unauthorized Manufacturing of Ferric Citrate Using Panion Technology</u>

Dear Dr. Kwok:

This office acknowledges receipt of your letter by email dated November 6, 2007.

We have been informed that BRI has been using Panion's technology to facilitate the unauthorized production of four (4) different batches of API Ferric Citrate for one of Panion & BF Biotech Inc.'s licensees. Furthermore, your company has been using Panion's technology to perform quality and/or control analysis for these batches.

BRI is not allowed to disclose this Panion technology to any third party. Accordingly, we demand your company to (1) stop any and all ongoing activities IMMEDIATELY; (2) report any and all ongoing activities to Panion involving the use of Panion's technology to any third party; (3) make an affidavit that BRI has not used or disclosed Panion's technology to any third party.

Sincerely,

Jack W. Chung

LAW OFFICES OF

## JACK W. CHUNG P.C.

401 BROADWAY, SUITE 2009
NEW YORK, NY 10013
U.S.A.

212-334-7118
FAX 212-334-6408
JACKCHUNGLAW@GMAIL.COM

VIA E-MAIL (dkwok@bripharm.com)
David Kwok, Ph.D.
President & CEO
BRI Biopharmaceutical Research Inc.
101 — 8898 Heather Street
Vancouver, BC
Canada V6P 3S8

November 8, 2007

Re: Unauthorized Quality Control Testing of Ferric Citrate Involving Panion Technology

Dear Dr. Kwok:

Thank you for your prompt response dated November 8, 2007. We need the following information to clarify your position in this matter.

You did not make it clear on the current situation. Thus, we demand information on all current and ongoing Quality Control testing for Keryx or any third party in connection with Ferric Citrate using Panion Technology. Please provide us with documents and proof.

Additionally, we demand information with respect to, (1) the quantity of Quality Control tests your company has done for Keryx or any third party in connection with Ferric Citrate; (2) the timeframe of when these Quality Control tests were done; and, (3) the inventory log for these tests.

You stated that "[w]ith Panion's knowledge, BRI is currently engaged by Keryx to perform QC testing on ferric citrate materials provided by Keryx." You did not make it clear about this "Panion's knowledge." We demand documents and proof of "Panion's knowledge."

You further stated that "BRI's role as CRO in providing analytical chemistry service to Keryx at Panion's request." Again, we demand documents and proof of "Panion's request."

This is a very urgent matter. We hope that you will respond to my requests today so that we may resolve this matter in a professional manner.

Sincerely,

Jack W. Chung

LAW OFFICES OF

# JACK W. CHUNG P.C.

401 BROADWAY, SUITE 2009
NEW YORK, NY 10013
U.S.A.

212-334-7118
FAX 212-334-6408
JACKCHUNGLAW@GMAIL.COM

**VIA E-MAIL (dkwok@bripharm.com)**
David Kwok, Ph.D.
President & CEO
BRI Biopharmaceutical Research Inc.
101 – 8898 Heather Street
Vancouver, BC
Canada V6P 3S8

November 14, 2007

Re: Final Notice From Panion

Dear Dr. Kwok:

You have not responded to our communication of November 12, 2007 regarding the affidavit. We tried every attempt to resolve these matters in an amicable manner. However, you have not signed and returned the affidavit to us. Thus, you have left us with no choice but to take the appropriate actions as necessary.

This letter is to notify you that we will prepare legal papers to initiate a lawsuit against your company. However, you are given one more chance to resolve this matter amicably. If we do not receive the executed affidavit by Friday, November 16, 2007, Panion will sue.

Please be guarded accordingly.

Sincerely,

Jack W. Chung

cc: Clara Faan (via e-mail: cfaan@bripharm.com)

# EXHIBIT 4

LAW OFFICES OF

# JACK W. CHUNG P.C.

401 BROADWAY, SUITE 2009
NEW YORK, NY 10013
U.S.A.

212-334-7118
FAX 212-334-6408
JACKCHUNGLAW@GMAIL.COM

November 9, 2007

**VIA E-MAIL (rkeefe@biovectra.com; sball@biovectra.com) AND FEDEX**
Mr. Ron Keefe
President
Bio Vectra DCL
16 McCarville Street
Charlottetown, Prince Edward Island
Canada, C1E 2A6

Mr. Stephen Ball
Bio Vectra DCL
16 McCarville Street
Charlottetown, Prince Edward Island
Canada, C1E 2A6

Re: Unauthorized Uses of Panion's Technologies in connection with Ferric Citrate

Dear Mr. Keefe, Mr. Ball:

Our firm represents Panion & BF Biotech Inc. , (hereinwith, "Panion").

It has been brought to our attention that your company has been using the Panion technologies to manufacture Active Pharmaceutical Ingredient of Ferric Citrate. This use has not been authorized by Panion. We therefore demand your company:

1. to stop the manufacturing process immediately; and
2. provide to us a detailed breakdown of how many batches made.

This is a very serious matter and the technologies are of great value to our client. We look forward to hearing from you immediately. If we do not hear from you by November 13, 2007, we will take appropriate actions without further notice.

Please guard yourself accordingly.

Sincerely,

Jack W. Chung

Cc: Dr. David Kwok
BRI Biopharmaceutical Research Inc.
101 – 8898 Heather Street
Vancouver, BC
Canada V6P 3S8

LAW OFFICES OF
## JACK W. CHUNG P.C.
401 BROADWAY, SUITE 2009
NEW YORK, NY 10013
U.S.A.

212-334-7118
FAX 212-334-6408
JACKCHUNGLAW@GMAIL.COM

November 13, 2007

**VIA E-MAIL (rkeefe@biovectra.com; sball@biovectra.com)**
Mr. Ron Keefe
President
Bio Vectra DCL
16 McCarville Street
Charlottetown, Prince Edward Island
Canada, C1E 2A6

Mr. Stephen Ball
Bio Vectra DCL
16 McCarville Street
Charlottetown, Prince Edward Island
Canada, C1E 2A6

Re: <u>Notice to Stop Using Panion's Technologies</u>

Dear Mr. Keefe, Mr. Ball:

I have not heard from you regarding the demand letter I sent you on November 9, 2007. Notice is hereby given to you that BioVectra must stop using Panion's technologies immediately. If BioVectra fails to do so, BioVectra will be liable for all the damages incurred to Panion.

If I do not hear from you today, I will have to advise my client to take appropriate actions. It will be in your best interest to resolve this matter as soon as possible.

Sincerely,

Jack W. Chung

Cc: Dr. David Kwok
    BRI Biopharmaceutical Research Inc.
    101 – 8898 Heather Street
    Vancouver, BC
    Canada V6P 3S8

LAW OFFICES OF

# JACK W. CHUNG P.C.
401 BROADWAY, SUITE 2009
NEW YORK, NY 10013
U.S.A.

212-334-7118
FAX 212-334-6408
JACKCHUNGLAW@GMAIL.COM

November 15, 2007

<u>VIA E-MAIL</u> (vdeighan@biovectra.com)
Valana Deighan
Associate General Counsel
Diagnostic Chemicals Limited
16 McCarville Street
Charlottetown, PEI
C1E 2A6
Canada

Re: <u>Second Notice to Stop Using Panion's Technology</u>

Dear Ms. Deighan:

You have not responded to our letter dated November 13, 2007.

Notice is hereby given to you again to stop using Panion's technologies immediately.  If BioVectra fails to do so, legal action will be initiated against BioVectra for all the damages incurred to Panion.

Demand is hereby made once again to provide us with a detailed breakdown of how many batches were made.

Sincerely,

Jack W. Chung

cc: Ron Keefe (via e-mail: rkeefe@biovectra.com)

Dale Zajicek (via e-mail: dzajicek@biovectra.com)

Dr. David Kwok (via e-mail: dkwok@bripharm.com)
BRI Biopharmeutical Research Inc.
101 – 8898 Heather Street
Vancouver, BC
Canada V6P 3S8

# EXHIBIT 5

LAW OFFICES OF
## JACK W. CHUNG P.C.
401 BROADWAY, SUITE 2009
NEW YORK, NY 10013
U.S.A.

212-334-7118
FAX 212-334-6408
JACKCHUNGLAW@GMAIL.COM

November 13, 2007

VIA E-MAIL (mpb@fluidairinc.com)
Mr. Martin P. Bender
President
PharmPro – Processing Services of Fluid Air Inc.
2550 White Oak Circle
Aurora, IL 60504-9678

Re: Notice to Stop Using Panion's Technologies

Dear Mr. Bender:

I have not heard from you regarding the demand letter I sent you on November 9, 2007 and November 12, 2007. Notice is hereby given to you that PharmPro must stop using Panion's technologies immediately. If PharmPro fails to do so, PharmPro will be liable for all the damages incurred to Panion.

If I do not hear from you today, I will have to advise my client to take appropriate actions. It will be in your best interest to resolve this matter as soon as possible.

Sincerely,

Jack W. Chung

Cc: Dr. David Kwok
BRI Biopharmaceutical
Research Inc.
101 – 8898 Heather Street
Vancouver, BC
Canada V6P 3S8

# EXHIBIT 6

**From:** chank [mailto:chank@kitchanlaw.com]
**Sent:** Thursday, October 25, 2007 2:40 AM
**To:** Genovesi, Lina [lgenovesi@keryx.com]
**Cc:** Levine, Beth [blevine@keryx.com]; Cindy Chiang (PBF); Weiss, Michael S. [msw@keryx.com]; chank
**Subject:** RE: Our Dkt #1092-PCT-JP

Dear Lina,

Contrary to our below email, we might not be able to carry out your recommendation based on the unresolved issues between Keryx and Panion.

Please acknowledge receipt of this e-mail via e-mail.

Sincerely,

Albert Wai-Kit Chan
Law Offices of Albert Wai-Kit Chan, PLLC
World Plaza, Suite 604
141-07 20th Avenue
Whitestone, NY 11357
Tel: (718) 799-1000
Fax: (718) 357-8615
----------------------------------------------------------------
The information transmitted herein is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer. Thank you for your cooperation

**From:** lgenovesi@keryx.com [mailto:lgenovesi@keryx.com]
**Sent:** Wed 10/24/2007 2:21 PM
**To:** chank
**Subject:** RE: Our Dkt #1092-PCT-JP; your File: X1G-0774

received

Lina Genovesi, PhD, JD
Director of Legal Affairs
Keryx Biopharmaceuticals, Inc.
750 Lexington Avenue, 20th Floor
New York, New York 10022
Phone: (212) 531-5968

Fax: (212) 531-5961

lgenovesi@keryx.com
http://www.keryx.com

This electronic mail transmission contains confidential information intended only for the recipient(s) named. If you are not the intended recipient, please notify the sender immediately, by replying to this message, and destroy/delete all copies of the message and any attachments. Any unauthorized use, distribution, copying or disclosure is strictly prohibited.


-----Original Message-----
From: chank [mailto:chank@kitchanlaw.com]
Sent: Wednesday, October 24, 2007 2:19 PM
To: Genovesi, Lina [lgenovesi@keryx.com]
Cc: chank; Levine, Beth [blevine@keryx.com]; Cindy Chiang (PBF); michaelchiang@pbf.com.tw
Subject: RE: Our Dkt #1092-PCT-JP; your File: X1G-0774

Dear Lina,

Further to your e-mail earlier today, we will proceed as instructed and request a three month extension of time.

If you have any questions, feel free to contact us.

Please acknowledge receipt of this e-mail.

Sincerely,

Albert Wai-Kit Chan, Ph.D. /ah
Law Offices of Albert Wai-Kit Chan, PLLC
World Plaza, Suite 604
141-07 20th Avenue
Whitestone, NY 11357
Tel: (718) 799-1000
Fax: (718) 357-8615
E-mail: chank@kitchanlaw.com

The information transmitted herein is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer. Thank you for your cooperation.

-----Original Message-----
From: lgenovesi@keryx.com [mailto:lgenovesi@keryx.com]
Sent: Wednesday, October 24, 2007 9:30 AM
To: chank
Cc: blevine@keryx.com
Subject: FW: Our Dkt #1092-PCT-JP; your File: X1G-0774

Hi:

Please the strategy set forth below by JT. Please request a three months extension of time to allow for a response to be formulated.

Please confirm request of the extension and provide me with a copy.

Regards,

Lina

Lina Genovesi, PhD, JD
Director of Legal Affairs
Keryx Biopharmaceuticals, Inc.
750 Lexington Avenue, 20th Floor
New York, New York 10022
Phone: (212) 531-5968
Fax: (212) 531-5961

lgenovesi@keryx.com
http://www.keryx.com

This electronic mail transmission contains confidential information intended only for the recipient(s) named. If you are not the intended recipient, please notify the sender immediately, by replying to this message, and destroy/delete all copies of the message and any attachments. Any unauthorized use, distribution, copying or disclosure is strictly prohibited.