Gregg L. Weiner
Stephen S. Rabinowitz
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | | |
|---|---|---|
| KERYX BIOPHARMACEUTICALS, INC. | : | ECF CASE |
| Plaintiff, | : | 07 Civ. 10376 (CSH) |
| - against - | : | **DECLARATION OF EIICHI ARAI** |
| PANION & BF BIOTECH, INC., | : | |
| Defendant. | : | |

------------------------------------------------------------------------ x

  1. I am a registered patent attorney, and I practice before the Japanese Patent Office. I practice in the Tokyo office of Hiraki and Associates, where my practice focuses on patent prosecution. I have practiced before the Japanese Patent Office, as a specialist and subsequently a registered patent attorney, for a total of over 25 years and I have participated in the prosecution of over 400 patent applications. By training and experience, I am familiar with practice and procedure in the Japanese Patent Office.

  2. When an application for a patent is submitted to the Japanese Patent Office, once examination has been requested, it is assigned to a Patent Examiner who examines the application to determine whether it satisfies the requirements of the Japanese Patent Law. Unless the Examiner finds the application to be immediately allowable, the Examiner issues a notice called an "Office Action" rejecting the

application under the requirements of the Japanese Patent Law. Upon receiving an Office Action rejecting the application, the applicant is entitled to submit a response, within a period defined by regulation, in which the applicant may attempt to overcome the Examiner's rejection by amending the claims and/or specification, and/or submitting arguments or evidence to demonstrate that the application is indeed allowable.

    3.    The regulations of the Japanese Patent Office provide that a foreign applicant must respond to a notice of Office Action within a period of three (3) months. However, for foreign applicants, the initial three-month response period may be extended for a maximum additional period of three (3) further months, upon requesting the extension and paying the applicable official fee before the due date for responding has expired. Within these limits, requests for extension are always granted when sought on behalf of foreign applicants. The official fee for a one-month extension is currently ¥ 2,100 (approximately $ 19); for a two-month extension the fee is ¥ 4,200 (approximately $ 38); for a three-month extension the fee is currently ¥ 6,300 (approximately $ 57).

    4.    Attorneys experienced in practicing before the Japanese Patent Office prefer to submit published documentary evidence in support of the claims, when available, rather than relying on affidavits from inventors, because they consider published documents as more likely to be persuasive than inventor testimony, although the latter may also be submitted.

I, EIICHI ARAI, hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 20th day of November, 2007 at Tokyo, Japan.

*[signature]*
_____
Eiichi Arai
