Gregg L. Weiner
Stephen S. Rabinowitz
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
KERYX BIOPHARMACEUTICALS, INC.             :     ECF CASE

                           Plaintiff,              :     07 Civ. 10376 (CSH)

          - against -                                    :     **REPLY DECLARATION**
                                                      **OF EIICHI ARAI**

PANION & BF BIOTECH, INC.,                      :

                           Defendant.             :
------------------------------------------------------------------------ x

       1.      I am the same Eiichi Arai whose declaration, dated November 20, 2007, was submitted in support of Keryx's motion for a preliminary injunction. I make this declaration to explain some additional points of Japanese patent practice.

       2.      As I stated in my earlier declaration, when an applicant for a patent receives an Office Action rejecting the application, the applicant may respond by submitting arguments or evidence in support of patentability and by amending the claims and/or the specification.

       3.      After the applicant has responded to the Office Action, if the response is not successful in overcoming the rejection, the Examiner may issue an Office Action finally rejecting the application (also known as a Decision of Rejection). Once a Decision of Rejection has issued, an applicant no longer has the same ability to amend the claims in order to obtain allowance.

4. After a Decision of Rejection has issued, no further amendments can be made until an appeal has been filed. If an appeal is filed, the applicant then has a limited right to amend the claims, but only for one or more of the following reasons, namely: (a) to delete claims; (b) to limit or restrict the scope of claims; (c) to correct errors; and (d) to clarify indefinite expressions. Any such amendments must be made at the time of filing the appeal or within thirty (30) days from the date of filing the appeal. Unless a new Office Action is issued during the appeal process, no amendment will be entered on appeal that broadens a claim in any respect.

5. The applicant may file a divisional application, containing the same claims as the original application, seeking to patent the same subject matter as in the original application. However, the delay between requesting examination of the divisional application and receiving a first Office Action is unpredictable, and may last up to several years.

I, EIICHI ARAI, hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 26th day of November, 2007 at Tokyo, Japan.

*Eiichi Arai* (signature)
Eiichi Arai