Gregg L. Weiner
Stephen S. Rabinowitz
Fried, Frank, Harris, Shriver
  & Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-4000

Attorneys for Plaintiff
Keryx Biopharmaceuticals, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KERYX BIOPHARMACEUTICALS, INC.,

                      Plaintiff,          ECF CASE

    - against -                      07 Civ. 10376 (CSH)

PANION & BF BIOTECH, INC.,           **REPLY DECLARATION
                                                                                 OF GREGG L. WEINER**
                      Defendant.
------------------------------------------------------------------x

       Gregg L. Weiner declares the following pursuant to 28 U.S.C. §1746:

       1.   I am a member of the Bar of this Court and of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP, counsel for plaintiff Keryx Biopharmaceuticals, Inc. I make this reply declaration in further support of Keryx's motion for a preliminary injunction.

       2.   For the Court's convenience, attached as Exhibit 1 is a proposed form of order setting forth the specific preliminary injunctive relief requested by Keryx.

       3.   Attached as Exhibit 2 is an email I received from Panion's counsel, Jack Chung, this morning, together with my response thereto.

       4.   Attached as Exhibit 3 are emails I received from Panion's counsel, Jack Chung, earlier

this afternoon, together with my responses thereto.

I, GREGG L. WEINER, hereby declare under penalty of perjury under the laws of the United States and the foregoing is true and correct.

Dated: November 26, 2007

_____
Gregg L. Weiner

559918

# Exhibit 1
# to the Reply Declaration of Gregg L. Weiner

Case 1:07-cv-10376-CSH   Document 19-2   Filed 11/27/2007   Page 1 of 4

Gregg L. Weiner
Stephen S. Rabinowitz
Fried, Frank, Harris, Shriver
& Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-4000

Attorneys for Plaintiff
Keryx Biopharmaceuticals, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
KERYX BIOPHARMACEUTICALS, INC.,                  :

                                      Plaintiff,    :    ECF CASE

      - against -                                    :    07 Civ. 10376 (CSH)

PANION & BF BIOTECH, INC.,                       :    **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

                                   Defendant.    :
----------------------------------------------------------------------x

      A motion having been made by plaintiff Keryx Biopharmaceuticals, Inc. ("Plaintiff" or "Keryx") upon notice to defendants Panion & BF Biotech, Inc. ("Defendants" or "Panion") as directed by the Court's November 19, 2007 Order to Show Cause; and this Court having considered Plaintiff's Motion by Order To Show Cause for a preliminary injunction, all papers submitted in support thereof, all papers submitted by Defendant in opposition thereto, and all papers submitted by Plaintiff in reply to Defendants opposition thereto; and this Court having heard oral argument by counsel for the parties; and this Court having found that Plaintiff has satisfied all the requirements of Rule 65 of the Federal Rules of Civil Procedure; and this Court

having found that Plaintiff shall be immediately and irreparably harmed pending a trial on this action in the absence of preliminary injunctive relief; therefore:

IT IS HEREBY ORDERED, pending trial of this matter, that Panion, its directors, officers, agents, servants, employees, attorneys, and others in active concert or participation with them who receive notice of this order, shall consult in good faith with Keryx concerning prosecution of licensed patent applications, including by: (a) instructing Panion's Japanese patent counsel to communicate directly with the patent counsel of Japan Tobacco concerning prosecution of Japanese Patent Application No. 10-527705, and (b) instructing Panion's Japanese patent counsel to request no later than 12:01 a.m. New York time (1:01 p.m. in Japan) on November 28, 2007, a three-month extension of the deadline for responding to the pending Office Action in Japanese Patent Application No. 10-527705; and further that service by fax or email of this order on Panion's Japanese patent counsel shall constitute good and sufficient instruction for taking the forgoing actions; and

IT IS HEREBY FURTHER ORDERED that Defendant, its directors, officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive notice of this order, are preliminarily enjoined and restrained from interfering with Keryx's rights under section 3.1 of the parties' License Agreement to develop the Product licensed under the License Agreement, including without limitation by interfering with Keryx's contractual relations with BRI Pharmaceutical Research, Inc. ("BRI"), BioVectra DCL ("BioVectra"), or the PharmPro Services division of Fluid Air, Inc. ("PharmPro") or by bringing new legal actions against BRI, BioVectra, or PharmPro without prior order of the Court; and

IT IS HEREBY FURTHER ORDERED that Defendant, its directors, officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them

who receive notice of this order are preliminary enjoined and restrained from serving a notice of termination under the License Agreement prior to January 30, 2008.

Dated: New York, New York
      November 27, 2007.

 

_____
The Honorable Charles S. Haight,
United States District Judge

559890

# Exhibit 2
# to the Reply Declaration of Gregg L. Weiner

Case 1:07-cv-10376-CSH    Document 19-3    Filed 11/27/2007    Page 1 of 4

**From:** Weiner, Gregg L.
**Sent:** Monday, November 26, 2007 11:37 AM
**To:** 'Jack Chung'
**Cc:** Rabinowitz, Stephen S.
**Subject:** RE: Panion's responses to your notice of deposition, interrogatories and document request.

Dear Mr. Chung:

This is in response to your email below concerning your objections to the Court-ordered discovery in the above-referenced action.

1. As you are well aware, we are thoroughly engaged today in preparing the reply papers that are due to be served later this afternoon, and therefore we will strenuously object to any effort on your part to arrange a hearing on your objections at any time today, whether telephonically or otherwise. We would regard your initiation of such a hearing purely as a diversionary tactic on your part, and would of course express this view to the Court. (Needless to say, we expect to be put on prior notice of any contact you may seek to initiate with the Court.)

2. On behalf of Keryx, we dispute your objections.

3. Since the Court-ordered discovery responses are not due yet, we believe that the issues you seek to raise can be addressed to Judge Haight at tomorrow's hearing, or at any other time thereafter that is convenient for the Court and counsel.

4. While this is not the appropriate time or context to address in detail the meritless nature of your objections, we note that they are entirely misdirected. What you are in essence disputing is the Court's *order* directing this discovery - - which was addressed and entered at a hearing you declined to attend. That order was not in any way dependent on Keryx obtaining the preliminary injunctive relief it is seeking the Court to order tomorrow. Of course, if you have any authority for your apparent contention that Keryx will not be entitled to the discovery previously ordered by the Court unless the Court rules for Keryx at the hearing tomorrow, you should forward it to me in advance of tomorrow's hearing.

Very truly yours,

Gregg L. Weiner
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
ph: (212)859-8579
fx:  (212)859-8400
email:Gregg.Weiner@FriedFrank.com

---

**From:** Jack Chung [mailto:jackchunglaw@gmail.com]
**Sent:** Monday, November 26, 2007 9:16 AM
**To:** Weiner, Gregg L.
**Cc:** Rabinowitz, Stephen S.; Jack Chung
**Subject:** Panion's responses to your notice of deposition, interrogatories and document request.

Dear Mr. Weiner,

Following are the responses to your discovery demand:

1.   Cindy Chiang objects to the deposition notice because she is not a party to the action, and the deposition under videotape creates undue burden and hardship to her.  For these reasons, Cindy Chiang will not come to New York on December 11, 2007 for the deposition.  Please note that the court order applies to "each party shall appear for deposition…."  Your notice of deposition to Cindy Chiang is not within the scope of the court order, and is indeed a violation of court order.

2.   Defendant Panion objects to the deposition notice because Panion is a company in Taiwan.  In addition to visa problem and other uncertainties,  the day you pick (December 10, 2007) is not a convenient time and New York is not a convenient venue for Panion.  As such, Panion will not come to New York on December 10, 2007 for deposition.  I suggest that you offer to have depositions in Taiwan, but I haven't consulted my client on this.  I will wait until you make the offer.

3.   Panion objects to your interrogatories and request for production as they create undue burden because Panion is a Taiwan company and the court may or may not rule in your favor tomorrow.  With this uncertainty, it creates undue burden for Panion to start the preparation.  I respectfully request that you withdraw the request for production and interrogatories today.

If I don't hear from you today before 12 p.m.,  I will ask the court to have a telephone conference to discuss these matters today.  You will be informed of this matter.  On the other hand, I am willing to work out a reasonable schedule with you, so that we don't need to waste the court's time today or tomorrow.

Jack Chung


--
Best regards,

Jack Chung
Attorney At Law
401 Broadway Suite 2009
New York, NY 10013
Tel: (212) 334-7118
Fax: (212) 334-6408
Email: jackchunglaw@gmail.com

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

# Exhibit 3
# to the Reply Declaration of Gregg L. Weiner

Exhibit 3
to the Reply Declaration of Gregg L. Weiner has been served on Defendant and, pursuant to the Court's order dated November 19, 2007, is being filed under seal.